UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| STACY SERENARI, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 2:20-cv-1994 |
| PITTSBURGH SCHOOL DISTRICT, | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, Stacy Serenari (hereinafter "Plaintiff" or "Serenari"), and files her complaint against the Defendant, Pittsburgh School District (hereinafter "Defendant" or "PSD") in support she states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "ADA") and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.* (hereinafter "PHRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with and retaliation for Plaintiff's lawful exercise of her rights under the FMLA and Defendant's unlawful discrimination and retaliation against Plaintiff because of her disability leading to her termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

1

3. This Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. §1367 as this action involves state law question regarding deprivation of Plaintiff's civil rights.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

5. Plaintiff, Serenari, is a citizen of the United States, and is and was at all times material, a resident of the state of Pennsylvania, residing in Washington County.

6. Defendant, PSD, is a government entity in Allegheny County, Pennsylvania that provides educational services to minors who reside in the City of Pittsburgh.

7. Defendant does business and Plaintiff worked for Defendant in this judicial district at Defendant's Arlington Elementary School, located at 800 Rectenwald St., Pittsburgh, Pennsylvania, 15210.

8. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On December 28, 2017, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within one hundred and eighty days after the alleged unlawful employment practices occurred.

12. On December 19, 2019 the EEOC issued to Plaintiff a Determination, finding that there was reasonable cause to believe that unlawful employment practices occurred.

13. Because Defendant is a public entity, the EEOC referred the case to the United States Department of Justice (DOJ).

14. On September 30, 2020, the DOJ issued to Plaintiff a Notice of Right to Sue within 90 Days.

15. This complaint was filed within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

16. Plaintiff worked for Defendant as a Special Education Teacher for close to twenty (20) years.

17. On or about December 11, 2016, Plaintiff fractured her right ankle in a fall at her home and was taken to the hospital.

18. Upon her return from the hospital, Plaintiff called Holly Ballard, Arlington Elementary School Principal.

19. The next day, Plaintiff went to an orthopedist and texted Ms. Ballard to provide her with an update.

20. Ms. Ballard instructed Plaintiff to check with Joy Porter, School Secretary, regarding paperwork for medical leave.

21. Plaintiff faxed Defendant a Request for Leave of Absence completed by her doctor.

22. Plaintiff's request advised that she would need to remain out of work for approximately six weeks, beginning on December 11, 2016, and pending Plaintiff's progress at her next orthopedist appointment.

23. Plaintiff is a disabled female.

24. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

25. Plaintiff's disability impacted her major life activities including but not limited to walking and standing.

26. In early January 2017, Ms. Ballard emailed Plaintiff and advised that Plaintiff would be able to work from home as she recovered.

27. A short time later, after receiving permission from Ms. Ballard, Plaintiff stopped by her classroom and picked up papers to grade.

28. On or about January 31, 2017, Plaintiff's doctor faxed return-to-work paperwork to Defendant, advising that Plaintiff would be able to return to work on February 2, 2017 and would need to wear a protective boot.

29. On or about February 1, 2017, Annie Reckhouse, Workforce Management Specialist, called Plaintiff and informed her that she was not allowed to return to work in a protective boot, despite the fact that wearing a boot in the workplace would be a reasonable accommodation that would not create an undue burden on Defendant.

30. Upon information and belief, several of Defendant's staff had previously worn protective boots in the workplace, including Ms. Ballard in 2016.

31. Plaintiff emailed Ms. Ballard about not being able to return work in a boot per Ms. Reckhouse's instructions.

32. Ms. Ballard did not respond to Plaintiff's email by the next day, February 2, 2017, so Plaintiff emailed Ms. Porter about Ms. Reckhouse's denial of Plaintiff's request for a reasonable accommodation.

33. Because of Defendant's refusal to grant Plaintiff's reasonable request for accommodation, Plaintiff was forced to request a leave of absence, on or about February 15, 2017.

34. Plaintiff's leave was extended until April 7, 2017.

35. During Plaintiff's leave she remained in regular communication with Defendant and Defendant continued to advise Plaintiff that she could not return to work in a protective boot.

36. Because Defendant would not accommodate Plaintiff by allowing her to work in a boot, she scheduled surgery for April 13, 2017 and requested a leave of absence through the end of the school year (June 2017).

37. Defendant maintains a written job description for Plaintiff's position as Special Education Teacher.

38. In the written job description, walking is not listed as an essential function of the position.

39. Standing and sitting are listed as physical functions of Plaintiff's position, but functions that are merely marginal.

40. Defendant attempted to place an unnecessary burden on Plaintiff to seek out additional medical explanations toward addressing marginal functions for her position.

41. Defendant's proposals were unreasonable in light of the fact that Plaintiff's continuing restrictions were to be in effect from February 2, 2017 through April 2, 2017.

42. Plaintiff's restrictions were reasonable and clear that she could return to perform her job that did not place an undue hardship on Defendant.

43. In early July 2017, Plaintiff was cleared to return to work at the start of upcoming school year without accommodation and provided documentation to Defendant.

44. On or about August 10, 2017, Plaintiff fell and reinjured her ankle. She was placed back in the protective boot and contacted Human Resources about her injury.

45. Because Defendant would, again, not grant Plaintiff's reasonable request for accommodations in the workplace, Plaintiff requested a leave of absence.

46. On or about August 17, 2017, Plaintiff's submitted a doctor's note and request for FMLA leave to Defendant.

47. On or about August 25, 2017, Defendant approved Plaintiff's request for a medical leave of absence extension but rejected her request to use protected leave under the FMLA.

48. Plaintiff's leave of absence was approved effective August 22, 2017 through October 13, 2017.

49. Plaintiff was forced to request an extension to her leave, from October 16, 2017 through December 6, 2017.

50. Plaintiff was finally allowed to return to work on January 9, 2018.

51. During the 2017-2018 school year, specifically in May 2018 Plaintiff fell again at work, injuring her left ankle.

52. Plaintiff worked the 2018-2019 school year which spanned August 2018 to June 2019.

53. During this time Plaintiff's doctors recommended surgery on her left ankle.

54. Plaintiff scheduled surgery for the end of June 2019, to coincide with the end of the school year.

55. Following her surgery Plaintiff took an approved medical leave to attend to her disabilities.

56. Throughout her leave Plaintiff remained in contact with Defendant and provided updates on her disability.

57. As the start of the 2020-2021 school year approached, due to her disability in August 2020, Defendant forced Plaintiff to separate her employment.

58. Plaintiff has been damaged by Defendant's illegal conduct.

59. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Disability Based Discrimination in Violation of the ADA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

61. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

62. Plaintiff was able to perform the essential functions of her job.

63. Defendant's conduct violates the ADA.

64. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

65. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

66. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II:
## Retaliation in Violation of the ADA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

68. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA.

69. Defendant's conduct violates the ADA.

70. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

71. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

72. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
## Disability Based Discrimination in Violation of the PHRA

73. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

74. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the PHRA.

75. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

76. Defendant is prohibited under the PHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

77. Defendant violated the PHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

78. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

79. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the PHRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

80. Defendant's unlawful conduct in violation of the PHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
### Retaliation in Violation of the PHRA

81. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-59 above.

82. Plaintiff engaged in protected activity under the PHRA on more than one occasion while employed by Defendant.

83. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

84. Defendant's conduct violates the PHRA.

85. Plaintiff has satisfied all statutory prerequisites for filing this action.

86. Defendant's discriminatory conduct, in violation of the PHRA, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

87. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

88. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's statutorily protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:   */s/ Gary Martoccio*
Gary Martoccio
Pennsylvania Attorney ID: 327160
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 Ext. 126
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*